IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATT GRAWITCH and MIKE WOODY, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 4:12CV01990 AGF |

## MEMORANDUM AND ORDER

Plaintiffs Matt Grawitch and Mike Woody, individually and on behalf of all other similarly situated persons and entities, filed this action in state court for damages against Defendant Charter Communications, Inc., ("Charter") under the Missouri Merchandising Practices Act ("MMPA"), and under state law for breach of contract. Charter removed the action to this Court asserting jurisdiction under the Class Action Fairness Act. The matter is before the court on Charter's motion to dismiss Plaintiffs' complaint for failure to state a claim. For the reasons set forth below, the Court will grant the motion to dismiss.

## BACKGROUND

The record establishes the following. Each named Plaintiff entered into an internet Service Agreement with Charter ("Internet Residential Customer Agreement")

for Charter's "Ultra" service. Section 6 of the Agreement, entitled "Disclaimer of Warranties and Limitation of Liability," provides in relevant part as follows:

> CUSTOMER UNDERSTANDS AND AGREES THAT CHARTER DOES NOT GUARANTEE THAT . . . ANY SPEED OR THROUGHPUT OF CUSTOMER'S CONNECTION TO THE CHARTER NETWORK WILL BE AVAILABLE TO CUSTOMER. Customer understands and agrees that the speed of the Service provided at Customer's site will vary depending upon a number of factors, including Customer's computer system(s) and associated equipment, Internet traffic, and other factors such as system capacity limitations, governmental actions, events beyond Charter's control, and system failures, modifications, upgrades and repairs.

(Doc. No. 5, Ex. to Compl.)

In December 2011, Defendant upgraded the accounts of "Plus," "Max," and "Ultra" customers to receive faster internet service, at no additional charge, with download speeds of up to 30 MBPS. The record includes a bill sent by Charter in January 2012 to each named Plaintiff. The bills included the following notice in an insert box on the first page of the bill:

**Charter News**

> IMPORTANT INTERNET UPDATE – ACTION REQUIRED: Great news! We've increased our speeds for Charter Internet Plus and Ultra customers. You can learn more at charter.com/speed. In order to enjoy your full speed increase you will need to upgrade your modem. Please contact us at 1-888-GET CHARTER to learn how. Thank you for choosing Charter.

(Doc. Nos. 12-2 and 20-2.)

Plaintiffs allege that when they discovered that their DOCSIS 2.0 modems provided by Charter could not achieve the upgraded download speeds of 30 MBPS, they

2

demanded that Charter refund them "the difference between the service they paid for and the service they had received." Charter refused and this lawsuit ensued.

In Count I of their complaint, Plaintiffs state that they use modems provided by Charter, that Charter does not allow a customer to provide his or her own modem, and that the modems provided by Charter were not capable of operating 30 MBPS on the Charter Network. Plaintiffs assert that Charter violated the MMPA, Mo. Rev. Stat. § 407.020, by representing to Plaintiffs that they would receive the higher download speed. Plaintiffs assert that this resulted in the loss of money to Plaintiffs, "specifically, the difference in the cost and value of the service they paid for, and the useable service they received." (Doc. No. 5 at 5.) In Count II Plaintiffs claim that Charter breached its Service Agreement by failing to perform the promised services of faster internet speeds due to the inadequate modems Charter provided.

In support of its motion to dismiss the complaint for failure to state a claim, Charter argues that the notice provided on the bills negates Plaintiffs' allegation that Charter failed to disclose that their modems needed to be upgraded in order to take advantage of the speed increase; that Plaintiffs have not asserted any credible theory of pecuniary loss as the upgraded service was provided free of additional charge; and that in light of the contractual disclaimer, Plaintiffs lack any viable claim against Charter for an inability to receive service at a particular speed.[1] Charter posits that the Court may

---

[1] In addition, Charter claimed that "Michael Woody" of Bethalto, Illinois, did not have standing because he did not have one of the service options that was upgraded. Plaintiffs provided documentation in their response clarifying that "Mike Woody" of Granite City, Illinois, was the named Plaintiff, and Charter does not contest this individual's standing.

consider the Service Agreement and the above-mentioned bills in connection with Charter's motion to dismiss, because the Service Agreement was attached to the complaint, and the bills, whose receipt or authenticity are not challenged, are embraced by the pleadings.

Plaintiffs respond that the Court cannot consider the Service Agreement and bills without converting Charter's motion to one for summary judgment, and that a motion for summary judgment is premature at this point prior to any discovery. With respect to the merits of Charter's motion, Plaintiffs argue that the notification on the January bills was "buried" in fine print and thus "Procedurally unconscionable" and inadequate to negate the claims of misrepresentation and breach of contract. They argue that they sufficiently pled a pecuniary loss under federal notice pleading standards, and that the disclaimer in the Provider Agreement does not negate liability.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

The Court will first address the question of what materials may be considered in ruling on Charter's motion to dismiss. Generally, when considering a motion to dismiss where the court is presented with and considers matters outside of the pleadings, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). However, a court does not need to convert the motion if the matters presented are incorporated by reference, "are necessarily embraced by the pleadings," are integral to the claim, or are exhibits, attached to the complaint, whose authenticity is unquestioned. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

Here, there are two matters outside the pleadings at issue: the Service Agreement (attached as an exhibit to the complaint), and a monthly bill sent by Charter to each of the named Plaintiffs in January 2012 (one bill is attached to Plaintiffs' response to the motion to dismiss and it is not disputed that the other Plaintiff received virtually the same bill). Clearly, the Court may consider the Service Agreement, which was attached to Plaintiffs' complaint, the validity of which is not questioned. The Court further concludes that the bills, whose receipt and authenticity are not challenged, are integral to the claims, or necessarily embraced by the pleadings, because, as Charter points out, they identify the level of internet service purchased by the named Plaintiffs, and the level of service purchased is an eligibility criteria alleged for class membership.

With respect to the merits of the motion to dismiss, the parties agree that Missouri law applies. The MMPA prohibits any "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise. Mo. Rev.

Stat. § 407.020. This Court concludes as a matter of law that Plaintiffs were provided adequate notice that their modems had to be upgraded to receive the upgraded speed. No reasonable juror could conclude that the notice to this effect on the bills sent by Charter to Plaintiffs is in fine print or "buried."

This Court also believes that the contractual disclaimer stating that Charter does not guarantee the speed of the connection available to the customer defeats Plaintiffs' claims. Together, the notification and contractual disclaimer inform Plaintiffs their modems were not sufficient for the upgraded speed and that Defendant did not guarantee the speed of their internet connection.

Furthermore, this Court believes that Plaintiffs have not pled facts sufficient to demonstrate a pecuniary loss. "An ascertainable loss of money or property" is an essential element of a cause of action brought under the MMPA. *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 198 (Mo. Ct. App. 2009); *Freeman Health Sys. v. Wass*, 124 S.W.3d 504, 506-07 (Mo. Ct. App. 2004). Damages are also an element of a breach of contract claim under Missouri law. *See, e.g., Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 531 (Mo. Ct. App. 2011). Here, the upgraded service was provided for free and not at an increased cost.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss for failure to state a claim is **GRANTED**. (Doc. No. 11.)

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT COURT

Dated this 23rd day of January, 2013