IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATT GRAWITCH and MIKE WOODY, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:12CV01990 AGF |
| CHARTER COMMUNICATIONS, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (Doc. No. 24) to alter or amend judgment and Plaintiffs' motion (Doc. No. 25) for leave to file a first amended complaint. For the reasons set forth below, the Court will deny both motions.

In this putative class action, Plaintiffs sought damages for alleged violations of the Missouri Merchandising Practices Act and for breach of contract, related to the internet service speed available to Plaintiffs under an Internet Residential Customer Agreement with Defendant. On January 23, 2012, the Court dismissed Plaintiffs' complaint for failure to state a claim. (Doc. No. 22.) This decision was based on several grounds: the speed disclaimer in the Agreement, adequate notice provided to Plaintiffs, and Plaintiffs' failure to show damages.

In support of their present motion, filed on February 7, 2013, to alter or amend judgment, Plaintiffs argue that the Court erroneously considered matters outside the pleadings. They also contend that the Court erred in finding that they had notice of the

internet service speed available. They challenge the Court's reliance on the notice provided to Plaintiff Mike Woody, submitted to the Court by Charter for the first time in its reply in support of its motion to dismiss.

Plaintiffs also argue that the Court incorrectly concluded that they failed to show damages. In support of this argument, Plaintiffs present the new argument that Defendant acknowledged the existence of damages by removing the case to federal court under the Class Action Fairness Act.

A motion to alter or amend judgment serves to correct "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted). However, such motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). A motion to alter or amend judgment provides "relief in extraordinary circumstances," *Jones v. Steele*, No. 4:06CV767RWS, 2010 WL 618474, at *4 (E.D. Mo. Feb. 18, 2010) (citation omitted), and district courts have "broad discretion in determining whether to grant or deny [such] a motion," *Metro. St. Louis Sewer Dist.*, 440 F. 3d at 933.

Here, the Court has reviewed Plaintiffs' arguments and finds them unpersuasive. The matters relied upon by the Court were of a nature that a court may properly consider on a motion to dismiss. Plaintiffs are correct that the notice provided specifically to Woody was introduced into the record for the first time in Defendant's reply addressing

its motion to dismiss.  Plaintiffs do not challenge the accuracy of the notice or that it was

provided.  In any event, the other grounds relied upon by the Court fully support the

dismissal against both Plaintiffs.  Plaintiffs' other grounds to amend the judgment either

constitute impermissible new argument available to Plaintiffs before the Court dismissed

the case, or were already raised and properly rejected.  This is not a case in which

Plaintiffs paid for a service they did not receive.  The Court further concludes that the

new argument with respect to damages is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to alter or amend judgment is

**DENIED**.  (Doc. No. 24.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a first

amended complaint is **DENIED**.  (Doc. No. 25.)


*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT COURT

Dated this 8th day of March, 2013